1 **WO**

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

8

9

10 Joel H. Eisenberg, et ux.,

11          Plaintiffs,                    No. CV-14-08189-PCT-PGR

12 vs.

13 Harvey Gerstman, et al.,                ORDER

14          Defendants.

15

16 　　　In a complaint filed on October 6, 2014, the plaintiffs allege that the Court has

17 diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.

18 Having reviewed the complaint, the Court finds that the jurisdictional allegations

19 therein are insufficient as a matter of law to establish the existence of subject matter

20 jurisdiction.   The Court will therefore require the plaintiffs to file an amended

21 complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653;

22 *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The

23 established rule is that a plaintiff, suing in federal court, must show in his pleading,

24 affirmatively and distinctly, the existence of whatever is essential to federal

25 jurisdiction, and, if he does not do so, the court, on having the defect called to its

26 attention or on discovering the same, must dismiss the case, unless the defect be

1    corrected by amendment.")

2         The existence of diversity jurisdiction is not evident from the face of the

3    complaint inasmuch as the complaint fails to properly allege the citizenship of any

4    party.  First, all of the individual parties are merely alleged to be residents of certain

5    states.  All of these allegations are deficient because it is black letter law that an

6    allegation of residency does not suffice for purposes of §1332. *See* <u>Steigleder v.</u>

7    <u>McQuesten</u>, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled

8    that residence and citizenship [are] wholly different things within the meaning of the

9    Constitution and the laws defining and regulating the jurisdiction of the ... courts of

10   the United States; and that a mere averment of residence in a particular state is not

11   an averment of citizenship in that state for the purpose of jurisdiction."); *accord*,

12   <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs'

13   complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity

14   jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ...

15   [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of

16   diversity jurisdiction.")

17        Second, the complaint improperly attempts to allege the citizenship of

18   defendant Active Products LLC as if it were a corporation notwithstanding that it has

19   been clearly established for years that a limited liability company cannot be treated

20   as a corporation for purposes of alleging citizenship under  § 1332.  *See* <u>Johnson</u>

21   <u>v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006)

22   ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the

23   question treats them like partnerships for the purposes of diversity jurisdiction. ... We

24   therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen

25   of every state of which its owners/members are citizens.")  Since the complaint fails

26

1 to set forth the citizenship of any member of Active Products, the Court will require

2 the plaintiffs to specifically identity in its amended complaint each LLC member by

3 name, specifically allege the type of business entity that any non-individual member

4 is, and affirmatively allege the state of citizenship of each member.[1]

5 The plaintiff are advised that their failure to timely or sufficiently comply with

6 this Order will result in the dismissal of this action for lack of subject matter

7 jurisdiction.  Therefore,

8 IT IS ORDERED that the complaint in this action is dismissed for lack of

9 subject matter jurisdiction.

10 IT IS FURTHER ORDERED that the plaintiffs shall file an amended complaint

11 properly stating a jurisdictional basis for this action no later than **November 14,**

12 **2014**.

13 IT IS FURTHER ORDERED that the plaintiffs shall immediately provide a copy

14 of this Order to any defendant already served with process.

15 DATED this 22nd day of October, 2014.

16

17

Paul G. Rosenblatt
United States District Judge

18

19

20

21

22

23

---

24 [1]

25 Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members Active Products may have.

26